# STATE OF MICHIGAN

# COURT OF APPEALS

JASON CHAREST,

       Plaintiff-Appellant,

v

CITI INVESTMENT GROUP CORP.,

       Defendant-Appellee,

and

RYAN SNOEK and EMRE URALLI,

       Defendants.

UNPUBLISHED
May 18, 2017

No. 330775
Oakland Circuit Court
LC No. 2014-143971-NZ

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

SHAPIRO, J. (*concurring*).

I concur in the result reached by the majority opinion but write separately for two reasons.

First, but for the September 17, 2014 order extinguishing plaintiff's right of redemption, I would conclude that plaintiff is entitled to a trial on his claims even though the relevant funds were returned to him. Given the return of the funds, plaintiff's only extant claims rests on the assertion that had he received the funds sooner he could have redeemed the property. However, all the relevant events took place *after* the September 17, 2014 order that extinguished the remaining redemption period. Plaintiff's claim to the overbid funds was not filed until November 6, 2014, so even if he had received those funds immediately, he could not have used them to redeem the property. Accordingly, the trial court correctly dismissed his claims for abuse of process and intentional infliction of emotional distress.

Second, I write to note the improper and possibly unlawful conduct of defendant. Put simply, defendant attempted to wrongfully obtain the $76,000 in surplus funds; funds to which it had no lawful claim and funds which obviously and unquestionably belonged to plaintiff. Defendant's written claim to those funds lacked even a colorable basis and was procedurally

-1-

defective. I can discern no possible reason for defendant's actions except to obtain funds that did not belong to it with the hope that plaintiff would not understand the process and would fail to object.[1] When plaintiff did file a claim to the funds, the sheriff's department did not release them to plaintiff because defendant objected. Plaintiff asked defendant to withdraw its objection, but defendant refused. It was only after plaintiff filed suit and defendant retained outside counsel that defendant withdrew its claim and objection.

MCL 600.3252 governs how overbid proceeds from a sheriff's sale are to be treated. Where foreclosed property is purchased at such a sale for an amount greater than the amount needed to satisfy the mortgage and fees on which the property was sold, the statute provides a clear procedure by which the subject funds will be disbursed. It states:

> [T]he surplus shall be paid over by officer . . . on demand, to the mortgagor, his legal representative or assigns, unless at the time of the sale, or before the surplus shall be so paid over, some claimant or claimants, shall file with the person so making the sale a claim or claims, in writing, duly verified by the oath of the claimant, his agent, or attorney that the claimant has a subsequent mortgage or lien encumbering the real estate, or some part thereof, and stating the amount thereof unpaid, setting forth the facts and nature of the same . . . . [MCL 600.3252.]

The statute makes clear that claims to a surplus can *only* be made by the foreclosed party or someone having an unpaid mortgage or lien on the property. Additionally, claims are not permitted to be filed without an affidavit so stating in order to assure that avaricious individuals or entities who have no interest in the property cannot file false claims in hopes that the proper recipient will fail to do so and that they will receive a windfall of the surplus funds. In other words, the disbursement of surplus funds from a sheriff's sale are to be distributed only to parties who have a right to it; the disbursement of these funds is not a lottery in which those having no right to the funds may claim them, hoping that the lawful owner remains silent.

In this case, defendant successfully bid $270,116.20 for the property, which resulted in a surplus of $76,000. It then sent the sheriff a document it termed a "notice of claim" for the $76,000 despite the fact that it had neither a secondary mortgage nor lien on the property. The "claim" submitted by defendant to the sheriff contained no affidavit and no reference to a right to the property. The pertinent part of the September 24, 2014 letter reads simply, "Citi Investment

---

[1] I respectfully disagree with the majority's conclusion that plaintiff offered only "speculation" and "conjecture" to support his allegation that defendant's demand for the surplus funds was done with an improper motive. A plaintiff can prove a defendant's state of mind or motive through the use of circumstantial evidence. See *Smith v Anonymous Joint Enterprise*, 487 Mich 102, 116; 793 NW 2d 533 (2010) (stating that a plaintiff can prove a defendant's state of mind through circumstantial evidence to satisfy the "actual malice" requirement in a defamation case). Defendant's actions in filing a demand for surplus funds to which it had no conceivable right when raising such a demand could frustrate the plaintiff's rights to defendant's advantage could be considered circumstantial evidence of an improper motive.

Group is making a claim for the overbid funds, and objects to any disbursement of overbid funds until ordered by the court." Defendant's "notice of claim" failed to state that it "has a subsequent mortgage or lien encumbering the real estate, or some part thereof" failed to state "the amount [of that mortgage or lien] unpaid," and failed to "[set] forth the facts and nature of [the subsequent mortgage or lien]."

This begs the question, why was this claim filed, and why did defendant refuse to withdraw it upon request? Defendant has not provided an answer to this question, and given our ruling in this case it need not do so in this forum. However, defendant's filing of a false claim is no small matter. Defendant is not an unsophisticated party who might take such action without knowledge of the law. It appears to be a large financial entity whose primary business is in the buying and selling of foreclosed property, and it is reasonable to presume that it is well aware of the statutes that govern its business. Accordingly, defendant's actions in claiming the surplus funds should be reviewed by the relevant state agency, which should determine whether this was a one-time error or whether it represents defendant's practice, and if the latter, whether administrative action is in order.

Finally, it also seems clear that the office of the Oakland County Sheriff's Department does not understand its responsibilities under MCL 600.3252. That department should have rejected defendant's claim given its complete failure to comply with either the substantive or procedural requirements of the statute. It is respectfully suggested that that department review its procedures as to surplus funds.

/s/ Douglas B. Shapiro

-3-